Manly, J.
 

 An acknowledgment in a bill of sale, under seal, or in a deed, of the reception of the consideration money is, in general, a bar to any action, at law, for the same. This was very properly recognised by his Honor below as an established principle. But there remains, notwithstanding,
 
 m foro conscientiee
 
 a claim, which a court of equity will enforce. It is something more than a mere moral obligation. This was decided by the Court in
 
 Crawley
 
 v. Timberlake, 1 Ire. Eq. 346.
 

 It is also settled, that an equitable demand is a sufficient consideration to support at law a promise to pay;
 
 Lowe
 
 v.
 
 Weatherley,
 
 4 Dev. and Bat. 212;
 
 Noblet
 
 v.
 
 Green,
 
 2 Dev. 517. When, therefore, parties, between whom there is an unsettled demand of this nature, come to an account and strike a balance, which the indebted party promises to pay, the equitable is converted into a legal demand, and may be recovered by an action, at law, upon the promise. The accepting of such a promise and the consequent abandonment, at that time of further strife or litigation, in respect to the claim, is the consideration. Without intimating any opinion upon
 
 *487
 
 the merits of the plaintiff’s case in this view of it, we. think it ought to have been presented to the jury.
 

 Promises, upon equitable considerations, seem to have been maturely considered by the English Judges,
 
 im, bank,
 
 in the case of
 
 Hawkes
 
 v. Saunders, 1 Cowper, 289, and we refer to it for a corroboration of the judgment of the Court in
 
 Lowe
 
 v.
 
 Weatherley
 
 and
 
 Noblet
 
 v.
 
 Green.
 
 In the English Court, the question arose in an action upon the promise. of an executor, having assets, to pay a legacy; this was held to be a promise obligatory at law. The general doctrine of moral and equitable considerations is discussed, and there is a concurrence of opinion, to the extent, that a present demand in equity, is a consideration sufficient to support a promise in an action at law, brought upon it.
 

 There should be a
 
 venire de novo.
 

 Per Curiam,
 

 • Judgment reversed.